UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

THOMAS HUGHES,                  )    CASE NO. 1:05 CV 2613
                                )
        Petitioner,             )    JUDGE DONALD C. NUGENT
                                )
   v.                           )
                                )    MEMORANDUM OF OPINION
CHRISTINE MONEY,                )    AND ORDER
                                )
        Respondent.             )

On November 7, 2005, petitioner <u>pro se</u> Thomas Hughes filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Hughes is confined in an Ohio penal institution, having been convicted of robbery. For the reasons stated below, the petition is denied and this action is dismissed without prejudice.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

It is evident on the face of the petition that Hughes has not exhausted his state court remedies, as he currently has an

appeal of the denial of a postconviction motion pending in the Ohio Court of Appeals, wherein he asserts his sentence violates Blakely v. Washington, 124 S.Ct. 2531 (2004). That issue is one of the grounds set forth in the instant action.

Because the petition raises an issue on which petitioner has yet to fully exhaust state court remedies, it is subject to the rule of Rose v. Lundy, 455 U.S. 509 (1982), that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. [footnote omitted]." Id. at 522.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition is denied and this case is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 12/2/05*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE